OPINION OF THE COURT
Meyer, J.
A container capable of concealing a weapon and the contents of which are readily accessible, taken from a person arrested or from the area readily accessible to him, may be searched without a warrant when the search is close in time to the arrest and there is reason to suspect *456 that the arrested person may be armed. There being no violation of defendant’s rights under either the United States or the New York Constitution, the order of the Appellate Division should be affirmed.
Defendant having passed through the exit gate next to the subway turnstile without paying a fare or exhibiting a pass was confronted by two Transit Authority detectives who had observed him do so. The detectives’ assignment that day was to prevent such a theft of services.[1] Detective Dukes inquired whether defendant had a pass and was told that defendant did not and had not paid because he had no money. Detective Hantz, who had noticed that defendant was wearing a bullet-proof vest, asked defendant whether he was wearing such a vest. Defendant denied that he was. Hantz then drew his gun and informed defendant that he was under arrest. Dukes and Hantz then escorted defendant to a porter’s room, less than 10 feet away. There Hantz handcuffed defendant and searched his person while Dukes took from him the briefcase he had been carrying, unzipped it and found inside it a .38 caliber revolver, a set of handcuffs and a handcuff key.
Supreme Court, New York County, granted defendant’s motion to suppress the contents of the briefcase. It found that at the time of the search defendant had been handcuffed and the police had exclusive control of the briefcase. New York v Belton (453 US 454), it reasoned, merely extended the “grabbable area,” in which a search incident to arrest is permissible, to the passenger compartment of an automobile and any container therein; it did not overrule United States v Chadwick (433 US 1), which held that, absent an exigency, the warrantless search of luggage or other property seized at the time of an arrest cannot be justified.
The Appellate Division reversed. It found that the briefcase had been opened prior to the time that the defendant had been handcuffed, but held that the timing of the search made no difference, answering affirmatively the question “whether, incident to a lawful arrest, the police *457 may contemporaneously search the inside of a briefcase, package, or the like, carried by the arrested person or effectively in his possession, after the object has been removed so that the arrested person no longer has ready access to it.” It reached this result on the authority of New York v Belton (453 US 454, supra, revg People v Belton, 50 NY2d 447) and in light of the fact that our decision on remand had left the question open (People v Belton, 55 NY2d 49). We affirm, although on different reasoning.
Defendant argues before us[2] that the search violated the Fourth Amendment of the Federal Constitution because New York v Belton (supra), only applies to searches involving occupants of an automobile. As to other searches incident to arrest, he suggests, the critical inquiry is whether at the time of the search the person arrested may gain access to the contents of the container. Alternatively, he contends that section 12 of article I of the New York Constitution was violated because the briefcase was searched after he had been effectively neutralized and the briefcase was in the exclusive control of the police.
Although both Federal and State warrant requirements derive from the common law (United States v Robinson, 414 US 218, 230; People v Chiagles, 237 NY 193, 197), they are measured differently. The Supreme Court has interpreted the United States Constitution to permit if not require the drawing of a bright line for reasons of efficiency between permissible and impermissible searches, even though the result is occasionally to forbid a reasonable search or permit an unreasonable one (Illinois v Lafayette, 462 US_, 51 USLW 4829; United States v Robinson, 414 US, at p 235; Dunaway v New York, 442 US 200, 213-214). We have interpreted the New York Constitution to require that the reasonableness of each search or seizure be determined on the basis of the facts and circumstances of the particular case (People v De Bour, 40 NY2d 210, 222-223; People v Marsh, 20 NY2d 98, 102-103; see People v Perel, 34 NY2d 462, 468-469).
*458 Applying the standards articulated by the Supreme Court in New York v Belton (supra) and United States v Robinson (supra), we discern no Fourth Amendment violation in the search of defendant’s briefcase, for those cases permit the search of any closed container taken from the person of, or within the “grabbable area” accessible to, the person arrested, even though the police have no reason to fear for their safety or to suspect that evidence of the"crime for which the arrest is made will be found within the container.
The State Constitution, however, has not been read so broadly. A person’s privacy interest in a closed container readily accessible to him may become subordinate to the need of the People, under exigent circumstances, to search it for weapons or evidence that otherwise might be secreted or destroyed (People v De Santis, 46 NY2d 82, 88-89, cert den 443 US 912). Whether the circumstances are such as to justify a warrantless search incident to arrest is to be determined, as we recognized in our first Belton decision (50 NY2d, at p 452, n 2), at the time of the arrest, but the justification does not necessarily dissipate with the making of the arrest. For compelling reasons, such as the safety of the officers or the public or to protect the person arrested from embarrassment, a search “not significantly divorced in time or place from the arrest” may be conducted even though the arrested person has been subdued and his closed container is within the exclusive control of the police (see People v De Santis, 46 NY2d, at p 88; People v Darden, 34 NY2d 177, 180).
There must, however, be circumstances at the time of the arrest justifying the search. Although probable cause to believe that the person arrested has committed a crime will justify the search of his person (People v Marsh, 20 NY2d, at p 102), it will not necessarily justify the search of a container accessible to him. Thus a container may not be searched for a weapon or evidence if it is apparent that it is so securely fastened that the person arrested cannot quickly reach its contents (cf. People v De Santis, 46 NY2d, at p 89), or the person arrested makes unmistakably clear that he will not seek to reach the contents (see People v Caldwell, 53 NY2d 933 [defendant placed package on the *459 ground and moved away prior to arrest]) or the container is so small that it could not contain a weapon or evidence of the crime.
Applying those principles to the facts of the present case, we conclude that the warrantless search of defendant’s briefcase was permissible under the State as well as the Federal Constitution. At the time of arrest defendant was holding the briefcase in his hand; its contents were, therefore, readily accessible to him and it was of sufficient size to contain a weapon. Defendant had just committed a crime and while that crime was not one suggestive of the presence of a weapon, the fact that defendant was wearing a bullet-proof vest certainly was, and was enhanced by his denial of the fact. The arrest and search of the briefcase were for all practical purposes conducted at the same time and in the same place. The conduct of the search was reasonable; one detective handcuffed defendant and searched his person while the other simultaneously searched the briefcase. Whether in fact defendant could have had access to the briefcase at the moment it was being searched is irrelevant. He clearly could have had when arrested and neither the distance from nor the time elapsed since the arrest was sufficient to dissipate the reasonableness of conducting a search of the briefcase without a warrant.
Accordingly, the order of the Appellate Division should be affirmed.

. Subdivision 3 of section 165.15 of the Penal Law makes it a class A misdemeanor, punishable by incarceration for up to one year, “Fwlith intent to obtain ** * * subway * * * service without payment of the lawful charge therefor * * * to avoid payment therefor * * * by unjustifiable failure or refusal to pay”.

. The People moved to dismiss the appeal on the ground that the Appellate Division’s reversal was not on the law alone or on the law and such facts which, but for the determination of law, would not have led to reversal (CPL 450.90, subd 2, par [all. We denied the motion (58 NY2d 800).