Jasen, J.
(concurring). I agree that the order of the Appellate Division should be affirmed. I reach that conclusion, however, because I believe that a search of items within the defendant’s immediate control prior to the arrest is justified by the probable cause that existed to make the arrest permissible. (See People v Smith, 59 NY2d 454 [Jasen, J., concurring].) Such an approach has not only been sanctioned by the Supreme Court, but alleviates the necessity of the courts second-guessing the exact events which occurred and the order that they occurred in at the time of the arrest. A more certain standard, as the Supreme Court has recognized, will protect society’s interest in assuring that the defendant’s rights are protected while also assuring society’s obvious interests in protecting its law enforcement officers and in expeditiously handling this critical aspect of police work.
*1017 Additionally, I believe the questions asked were proper even though Miranda warnings had not yet been given, not because they were to “clarify a volatile situation”, but because they were asked to ascertain the nature of the situation. Reasonable inquiry when conducting the initial phases of an investigation is clearly permissible. (Miranda v Arizona, 384 US 436, 481; cf. People v Quarles, 58 NY2d 664, cert granted sub nom. New York v Quarles, _ US _, 103 S Ct 2118.)
Chief Judge Cooke and Judges Jones, Wachtler and Meyer concur; Judge Jasen concurs in result in a concurring opinion in which Judge Simons concurs.
Order affirmed in a memorandum.