OPINION OF THE COURT
Chief Judge Cooke.
A duffel bag that is within the immediate control or “grabbable area” of a suspect at the time of his arrest may not be subjected to a warrantless search incident to the arrest, unless the circumstances leading to the arrest support a reasonable belief that the suspect may gain possession of a weapon or be able to destroy evidence located in the bag. There being no such exigency present at the time police searched defendant’s bag here, the motion to suppress should have been granted.
On the afternoon of March 12,1981, the Watertown City Police Department received a tip from an informant that defendant was traveling on a bus from New Jersey to Watertown with marihuana and hashish in his possession. With an arrest warrant for an unrelated larceny charge in hand, three Watertown police officers and two officers from the Jefferson County Sheriff’s Department waited at the bus terminal. With them was a dog specially trained to detect marihuana. Defendant was observed to be carrying a duffel bag when he disembarked from the bus.
One of the officers approached defendant and informed him that he was under arrest. Defendant was then ordered to place his hands against the wall and to spread his feet so that he could be frisked. When led to the duffel bag, which lay on the ground between defendant’s feet, the dog’s reaction indicated the presence of marihuana. Defendant was then handcuffed. An officer searched the duffel bag and found approximately 11 ounces of marihuana.
After being indicted, defendant moved to suppress the seized marihuana as the fruit of an unlawful warrantless search. County Court, relying on New York v Belton (453 US 454), denied the motion. Defendant pleaded guilty to criminal possession of marihuana in the third degree and the Appellate Division affirmed the conviction, without opinion. This court now reverses.
*312 In New York v Belton (453 US 454, 461, supra), the Supreme Court set forth a general rule under the Fourth Amendment of the United States Constitution that a custodial arrest will always provide sufficient justification for police to search any container within the “immediate control” of the arrestee. Under this standard, it is clear that defendant’s Federal constitutional rights were not violated.
This court has declined to interpret the State constitutional protection against unreasonable searches and seizures so narrowly (see People v Smith, 59 NY2d 454; NY Const, art I, § 12; see, also, People v Langen, 60 NY2d 170, 181). Under the State Constitution, an individual’s right of privacy in his or her effects dictates that a warrantless search incident to arrest be deemed unreasonable unless justified by the presence of exigent circumstances. When an individual subjected to arrest has a privacy interest in property within his or her immediate control or “grabbable area”, this court has identified two interests that may justify the warrantless search of that property incident to a lawful arrest: the safety of the public and the arresting officer; and the protection of evidence from destruction or concealment (see People v Smith, 59 NY2d 454, 458, supra; People v Belton, 55 NY2d 49, 52-53).
The reasonableness of a police officer’s assertion of the presence of either or both of these predicates to justify a warrantless search is measured at the time of the arrest. Moreover, the search must have been conducted contemporaneously with the arrest. In People v Smith (supra), for example, this court upheld a search by police of an arrestee’s briefcase that was within the arrestee’s possession at the time of arrest as a reasonable search incident to arrest. Determinative of the search’s validity were the facts that police reasonably believed that defendant was in possession of a weapon as was evidenced by his wearing a bulletproof vest, that the briefcase was large enough to contain a weapon, and that it was not so securely fastened that defendant would have been unable to gain access to it. The officers’ reasonable fear for their safety was found not to have dissipated merely because defendant was moved off a subway platform into a porter’s room less than 10 feet *313 away before the search was initiated. The search of the briefcase was conducted virtually contemporaneously with the arrest and immobilization, by handcuffing, of defendant.
Similarly, in People v Johnson (59 NY2d 1014), a warrantless search of a handbag located approximately two feet from defendant at the time of his arrest, was upheld because police reasonably believed at the time of the search that defendant might gain access to a weapon. In that case, police had received a radio call about a “man with a gun” and were instructed to investigate the premises. When police arrived, the building superintendent warned them that a man had just struck him over the head with an automatic pistol and had attempted to shoot him. Police entered the apartment and, contemporaneously with the defendant’s arrest, dumped out the contents of the bag, which was in easy reach of the defendant, who had not yet been handcuffed.
In the present appeal, the People have not asserted the presence of any exigency to justify the warrantless search of defendant’s duffel bag. The police sought defendant’s arrest for two nonviolent crimes and the People concede that “in all frankness there was no immediate suspicion by the police officers that the defendant was in fact armed.” Indeed, the officers’ conduct leading up to the search of the bag confirms the absence of exigency. The police did not seize the bag from defendant upon his arrest but permitted him to keep the bag between his legs while he was frisked. The police officers’ interest in the bag focused solely on the possibility that it contained marihuana. A search was undertaken only after the dog’s conduct had corroborated the information that the bag contained marihuana.
Furthermore, the police have not asserted nor, on the facts of this case, could they reasonably rely on a belief that the search was justified by the need to preserve evidence located in the bag. Again, the presence of any exigency is belied by the police officers’ failure to seize the bag immediately upon encountering defendant. By the time the search was undertaken, defendant’s hands were handcuffed behind his back and he was surrounded by five police officers and their dog. Therefore, because the police *314 concededly did not fear for their safety, and because they could not have reasonably believed that the search of the bag was necessary to preserve any evidence that might have been located in it, the warrantless search of the bag was invalid.
Accordingly, the order of the Appellate Division should be reversed and the indictment dismissed.
Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order reversed, etc.