■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. WILLIAMS, Appellant.—Crew III, J. Appeals (1) from a judgment of the County Court of Schenectady County (Moynihan, Jr., J.), rendered March 13, 1989, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fifth degree, and (2) by permission, from an order of said court, entered September 6, 1989, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was arrested on November 15, 1988 and charged with harassment. As the result of a search of a handbag in defendant's possession at the time of the arrest, he was later indicted for criminal possession of a controlled substance in the third degree and harassment. Defendant contested the constitutional validity of the search and, following an evidentiary hearing, County Court denied his motion to suppress.

Defendant then moved to dismiss the indictment on the ground that the evidence before the Grand Jury was not legally sufficient. The day after that motion was made, and prior to the return date, the case was calendared for a conference at which time, without ruling on the motion, County Court accepted a waiver of indictment and the filing of a superior court information, charging defendant with attempted possession of a controlled substance in the fifth degree and harassment, upon the People's representation that they were prepared to withdraw the indictment upon the understanding that the defendant would plead guilty to attempted criminal possession of a controlled substance in the fifth degree. The court approved the waiver and accepted defendant's plea of guilty to the superior court information.

Defendant was thereafter sentenced to an indeterminate prison term of 1⅓ to 3 years. Counsel for defendant filed a notice of appeal. Some months later defendant, acting *pro se,* moved to vacate the conviction and County Court denied that motion. This court granted permission to appeal from said denial.

It is clear that the conviction must be reversed and the superior court information dismissed. CPL 195.10 provides for waiver of indictment in a superior court at any time prior to the return of an indictment by a Grand Jury. Where an indictment has been returned for a crime arising out of the transaction for which defendant has been held for Grand Jury action, a subsequent superior court information encompassing crimes arising out of that transaction is fatally defective *(People v Boston,* 75 NY2d 585). While County Court advised defendant that the indictment would be dismissed upon his plea to the superior court information, nothing in the record reflects that was done. Accordingly, the case must be remitted to County Court for further proceedings on the indictment.

In view of our decision herein it is unnecessary for us to reach the contention of defendant that County Court erred in failing to suppress the evidence seized at the time of his arrest. Were we to do so we would find that the search was constitutionally impermissible *(see, People v Gokey,* 60 NY2d 309).

Judgment and order reversed, on the law, superior court information dismissed and case remitted to the County Court of Schenectady County for further proceedings on the indictment. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur.