■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODROW MCILWAIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered June 14, 1991, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The charges arose out of an incident between the defendant and his wife, who was seated in her car with a male companion. The defendant ordered his wife to exit the vehicle and when she did not move, he walked in front of the car, drew a handgun from a bag he was carrying, and pointed the gun at them. As the wife's companion drove away, the defendant fired the handgun several times. While one of the bullets struck the rear window of the car, the inhabitants were not injured. Subsequently, the defendant was arrested on the platform of the Wyandanch train station. Contemporaneously with the arrest, the police searched the defendant's bag and found a gun.

We agree with the hearing court that the suppression of the gun was not warranted since exigent circumstances justified the search of the bag *(see, People v Johnson,* 59 NY2d 1014; *People v Smith,* 59 NY2d 454).

In addition, while the prosecutor improperly impeached the testimony of the People's witness, the defendant's wife, in violation of CPL 60.35 *(see, People v Fitzpatrick,* 40 NY2d 44, 51), the error does not warrant reversal. The trial court indicated that any improper evidence would not be considered

by it, and the error was harmless in light of the overwhelming evidence of guilt. Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.