■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL CASTILLO, Appellant. [704 NYS2d 464] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered on or about July 1, 1998, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See*, *Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Williams, J. P., Tom, Saxe and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT THOMPSON, Appellant. [703 NYS2d 148] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered March 21, 1997, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The motion court properly concluded that the search of the cigarette box was proper as incident to the lawful arrest since it was conducted immediately after defendant's arrest at a time when the property had not been reduced to the exclusive control of the police (*see*, *People v Wylie*, 244 AD2d 247, *lv denied* 91 NY2d 946; *see also*, *People v De Santis*, 46 NY2d 82, *cert denied* 443 US 912). Contrary to defendant's arguments, the record reveals that the officer had a reasonable fear for his safety and that exigent circumstances remained at the time the box was searched (*see*, *People v Smith*, 59 NY2d 454, 458-459; *People v Wylie, supra*). Concur—Williams, J. P., Tom, Saxe and Friedman, JJ.