■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MITCHELL, Appellant. [833 NYS2d 488]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 9, 2005, convicting defendant, after a jury trial, of burglary in the third degree and possession of

burglar's tools, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and 1 year, respectively, unanimously affirmed.

The grand jury indicted defendant for one act of burglary after hearing evidence of two entries into the same premises. Although the People's bill of particulars, in setting forth the time of the crime, referred only to the first entry, the trial jury, like the grand jury, heard evidence of both entries. The court ultimately instructed the jury, without objection, that it could convict defendant of burglary on the basis of either of the two acts, or both, so long as the verdict was unanimous as to a particular act or acts. On appeal, defendant claims this was error because the jury may have convicted him solely on the basis of the second entry for which, he argues, he was never indicted, given the bill of particulars. This claim is unpreserved and we decline to review it in the interest of justice. The defect, if any, was waivable because it did not affect the court's competence to convict defendant based on either entry, since they both arose out of the same transaction (*see People v Ford*, 62 NY2d 275, 282-283 [1984]; *see also People v Udzinski*, 146 AD2d 245, 253-256 [1989], *lv denied* 74 NY2d 853 [1989]).

Defendant's other contention concerning the indictment is without merit.

The court properly denied defendant's motion to suppress physical evidence. The police lawfully searched defendant's backpack as incident to his arrest, and we reject his arguments to the contrary (*see People v Smith*, 59 NY2d 454 [1983]; *People v Wylie*, 244 AD2d 247 [1997], *lv denied* 91 NY2d 946 [1998]). Concur—Mazzarelli, J.P., Saxe, Marlow, McGuire and Kavanagh, JJ.