■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH FREDERICKS, Appellant. [839 NYS2d 39]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at summary denial of suppression motion; Robert Stolz, J., at jury trial and sentence), rendered July 12, 2005, as amended September 2, 2005, convicting defendant of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

In his initial moving papers, defendant failed to controvert the People's assertions that he was sitting in the stairwell of a

---

* Petitioner's counsel has informed this Court that respondent will not file a brief on this appeal.

building with another person who had crack in plain view and that the police investigated his statement that he was lawfully in the premises visiting the occupants of apartment 10B, but the occupants denied knowing him. Thus, the court properly denied defendant's motion for a *Mapp* hearing (*see* CPL 710.60 [1], [3] [b]). Furthermore, in his second motion, in effect for renewal, defendant failed to explain why he did not challenge in the initial motion the search of his backpack pursuant to *People v Gokey* (60 NY2d 309 [1983]). Moreover, defendant failed to allege specific facts entitling him to a *Mapp* hearing under this new theory. While it was defendant's obligation to produce the court's order denying his renewal motion in order for this Court to review this claim adequately (*see People v Olivo*, 52 NY2d 309, 320 [1981]), we nevertheless conclude that the court properly denied defendant's renewal motion (*see* CPL 710.40 [4]; *People v Roberts*, 23 AD3d 245 [2005], *lv denied* 6 NY3d 817 [2006]). The motion court having properly denied defendant's motion twice, the pretrial hearing court did not err in denying defendant's third request for a *Mapp* hearing.

Defendant's contention that the evidence was legally insufficient to prove that he knew the credit card he possessed was stolen is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10 [1995]), and, in any event, without merit. Consequently, defendant's alternate contention that counsel was ineffective for failing properly to preserve the issue for appellate review is without merit. Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.