■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BURGOS, Appellant. [917 NYS2d 559]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered December 22, 2008, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The People met their initial burden of coming forward, and defendant did not meet his ultimate burden of proving the illegality of the search and seizure (*see People v Berrios*, 28 NY2d 361, 367 [1971]).

The police lawfully searched defendant's backpack as incident to a lawful arrest. The officer's testimony, and the reasonable inferences that may be drawn therefrom, establish that the arrest and search were contemporaneous, that the backpack remained in defendant's grabbable area, and that it was not in the exclusive control of the police (*see People v Smith*, 59 NY2d 454 [1983]; *People v Wylie*, 244 AD2d 247 [1997], *lv denied* 91 NY2d 946 [1998]; *compare People v Gokey*, 60 NY2d 309 [1983]). The police properly inspected the backpack for their own safety and to prevent any possible loss, destruction or alteration of evidence. The backpack was large enough to conceal a weapon, and the officer had just seen defendant stealing merchandise and placing it in the backpack. We have considered and rejected defendant's remaining arguments, including his procedural claims. Concur—Tom, J.P., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.