■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN MACK, Appellant. [920 NYS2d 316]—

The court properly denied defendant's motion to suppress physical evidence and statements. There is no basis for disturbing any of the court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

The record supports the court's finding that an officer saw defendant picking up a pistol and placing it in his jacket pocket. This provided the officer with probable cause to pursue and arrest defendant.

Defendant did not preserve his claim that the police should have obtained a warrant before searching his jacket, and the hearing court did not "expressly decide" that issue (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]). We decline to review this claim in the interest of justice. As an alternative holding, we reject it on the merits since the jacket was properly searched incident to a lawful arrest (*see People v Smith*, 59 NY2d 454 [1983]). Although defendant testified at the hearing that he discarded his jacket before he was apprehended, the search would still have been lawful under that version of the facts, because this would have constituted an abandonment in the course of a lawful pursuit (*see People v Ramirez-Portoreal*, 88 NY2d 99, 110 [1996]).

The court properly determined that defendant's post-*Miranda* statements were sufficiently attenuated from earlier statements that had not been preceded by *Miranda* warnings. The pre-*Miranda* statements were made during sporadic, casual conversation between defendant and the arresting officer during processing, in which the officer asked a few questions that followed up on defendant's spontaneous statements and inquiries about his case. Although the officer should have preceded his questions with *Miranda* warnings, there was a pronounced break between defendant's inadmissible statements and his later statements, made after more focused questioning by other officers and an Assistant District Attorney (*see People v White*, 10 NY3d 286, 291 [2008], *cert denied* 555 US —, 129 S Ct 221 [2008]; *People v Paulman*, 5 NY3d 122, 130-131 [2005]). Furthermore, defendant demonstrated an unqualified desire to speak to the police from the time of his arrest. Defendant was eager to give what he considered to be an exculpatory or mitigating explanation for his possession of the pistol. We have considered and rejected defendant's remaining claims regarding his statements. Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Román, JJ.