■ In the Matter of FREDDY S., a Person Alleged to be a Juvenile Delinquent, Appellant. [924 NYS2d 348]—

Order of disposition, Family Court, Bronx County (Robert R. Reed, J., at suppression motion; Nancy M. Bannon, J., at disposition), entered on or about February 5, 2010, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute possession of an imitation firearm, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

The court properly denied appellant's suppression motion. There was probable cause for appellant's arrest, based on far more than an anonymous call. The police responded to a radio call stating that shots had just been fired by a described suspect in a park. When the police arrived at the park immediately

thereafter, they saw appellant, who met the description. The officers observed that appellant's companions were warning him of the presence of police. At that point, appellant took a series of evasive actions in an obvious effort to hide from the officers, and then fled as the officers approached. The police observations were sufficiently suggestive of the reported criminal activity to provide the requisite corroboration (*see People v Elwell*, 50 NY2d 231, 234-235 [1980]).

The police lawfully searched appellant's backpack as incident to a lawful arrest (*see People v Smith*, 59 NY2d 454 [1983]; *People v Wylie*, 244 AD2d 247 [1997], *lv denied* 91 NY2d 946 [1998]; *compare People v Gokey*, 60 NY2d 309 [1983]). The arrest and search were contemporaneous, the police had information that appellant had just fired shots, the backpack remained in appellant's grabbable area, the backpack had not been reduced to the exclusive control of the police, and the setting was a crowded park. Under all these circumstances, the police were clearly justified in inspecting the backpack for their own safety and that of the public. Concur—Tom, J.P., Saxe, Acosta, Freedman and Abdus-Salaam, JJ.