Judgment, Supreme Court, Bronx County (Darcel D. Clark, J.), rendered May 18, 2010, convicting defendant, after a jury trial, of criminal possession of weapon in the second degree and criminal trespass in the first degree, and sentencing her to an aggregate term of 3V2 years, unanimously affirmed. The matter is remitted to Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).
The police lawfully searched defendant’s shoulder bag as incident to a lawful arrest (see People v Smith, 59 NY2d 454 [1983]; People v Wylie, 244 AD2d 247 [1997], lv denied 91 NY2d 946 [1998]). The bag was large enough to contain a weapon and was within defendant’s grabbable area at the time of her arrest for criminal trespass in connection with the police investigation of a burglary. Moreover, the police did not have exclusive control of the bag. The surrounding circumstances here support a reasonable belief in the existence of an exigency justifying a search of the bag, even though the officers did not explicitly testify at the suppression hearing that they feared for their safety (see People v Batista, 88 NY2d 650, 654 [1996]; People v Bowden, 87 AD3d 402, 405 [2011]).
The court properly denied defendant’s application to reopen the hearing based on trial testimony. The court correctly determined that the search would still have been lawful under the additional facts revealed at trial.
The court properly exercised its discretion in denying defendant’s challenges for cause to two prospective jurors. The colloquy between counsel, the court and each panelist, viewed as a whole, did not cast doubt on either panelist’s ability to follow the court’s instructions and render an impartial verdict (see People v Roberson, 249 AD2d 148, 149-150 [1st Dept 1998], lv denied 92 NY2d 904 [1998]).
The court conducted a thorough inquiry into allegations of juror misconduct (see generally People v Buford, 69 NY2d 290, 298-299 [1987]), and it properly exercised its discretion in determining that no further inquiry was required (see People v *887 Rodriguez, 71 NY2d 214 [1988]). Concur — Andrias, J.P., Sweeny, Moskowitz, Freedman and Richter, JJ.