# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 64  SSM 6
The People &c.,
    Respondent,
        v.
Willie Harris,
    Appellant.

Submitted by Michael C. Taglieri, for appellant.
Submitted by Aaron Zucker, for respondent.

MEMORANDUM:

The order of the Appellate Division should be reversed and this case remitted to Supreme Court for further proceedings in accordance with this memorandum.

- 1 -

Defendant was convicted, upon a guilty plea, of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]). Prior to his conviction, defendant moved to suppress physical evidence found inside a suitcase that he was carrying at the time of his arrest, relying on People v Gokey (60 NY2d 309 [1983]), and arguing that exigent circumstances were needed to justify a warrantless search of the closed suitcase. Supreme Court determined that Gokey did not apply and, therefore, made no findings regarding the existence of exigent circumstances. The Appellate Division affirmed on a different ground, determining, as both defendant and the People argued, that Gokey did apply and accepting the People's argument that exigent circumstances—namely, the protection of evidence or the safety of the police or the public—justified the search (174 AD3d 185 [1st Dept 2019]). A dissenting Justice granted leave to appeal, and we now reverse and remit.

"Upon an appeal to an intermediate appellate court from a judgment, sentence or order of a criminal court, such intermediate appellate court may consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant" (CPL 470.15 [1]). "This provision is 'a legislative restriction on the Appellate Division's power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court'" (People v Nicholson, 26 NY3d 813, 825 [2016], quoting People v LaFontaine, 92 NY2d 470, 474 [1998]). The statute "'bars the Appellate Division from affirming a judgment, sentence or order on a ground not decided adversely to the appellant by the trial court'" (id. [brackets omitted], quoting People v Concepcion, 17 NY3d 192, 195 [2011]). This "restriction

applies in equal force to this Court which itself has 'no broader review powers'" (id., quoting Concepcion, 17 NY3d at 195).

Here, the Appellate Division did not err in determining that Gokey was applicable, the only reviewable issue before it. However, "[b]ecause the suppression court did not deny the motion on the ground that there were exigent circumstances, that issue was not decided adversely to defendant and it could not be invoked by the Appellate Division" (People v Muhammad, 17 NY3d 532, 547 [2011]). Accordingly, the Appellate Division erred in deciding that issue.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

On review of submissions pursuant to section 500.11 of the Rules, order reversed and case remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided June 9, 2020