People v Ortiz (2024 NY Slip Op 00745)

People v Ortiz

2024 NY Slip Op 00745

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Rosado, JJ. 

Ind. No. 3009/16 Appeal No. 1646 Case No. 2019-3883 

[*1]The People of the State of New York, Respondent,
v
Robert Ortiz, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Robert Butlien of counsel), for respondent.

Judgment, Supreme Court, New York County (Gilbert C. Hong, J., at suppression hearing; Curtis J. Farber, J., at plea; Steven M. Statsinger, J., at sentencing), rendered March 18, 2019, convicting defendant of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender with a prior violent felony conviction, to a term of four years, to run concurrently with sentences imposed under Indictment Nos. 3147/17 and 3218/17, unanimously reversed, on the law and as a matter of discretion in the interest of justice, the motion to suppress granted, the plea vacated, and the indictment dismissed.
The court improperly denied defendant's motion to suppress the PCP recovered from the vehicle. As the People concede, the search of the vehicle could not be justified as a search incident to arrest because, at the time of the search, defendant and the driver had already been removed from the car and were in handcuffs. Anything inside of the car was no longer in defendant's grabbable area or immediate control, and the People failed to demonstrate the existence of exigent circumstances to justify the search (see People v Gokey, 60 NY2d 309, 312 [1983]; People v Morales, 126 AD3d 43, 45 [1st Dept 2015]).
Regardless of whether defendant validly waived his right to appeal, the People elect not to rely on the appeal waiver as a matter of prosecutorial discretion in light of the erroneous suppression ruling. Although the count to which defendant pleaded guilty was based on the cocaine recovered from his person, and not the PCP recovered from the car, the People acknowledge that defendant's guilty plea "covered the entire indictment" and that the suppression of the PCP warrants vacatur of the plea and remittal of the matter for further proceedings (see People v Holz, 35 NY3d 55, 62 [2020]). Nevertheless, the People, in the exercise of their discretion, choose not to further prosecute this matter and consent to defendant's request to have the indictment dismissed in its entirety. Thus, based on the People's consent as a matter of prosecutorial discretion, we dismiss the indictment. This determination renders academic defendant's remaining challenges to the lawfulness of the police conduct.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024