People v Johnson (2024 NY Slip Op 02024)

People v Johnson

2024 NY Slip Op 02024

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Ind. No. 1717/15 Appeal No. 2057 Case No. 2023-02578 

[*1]The People of the State of New York, Respondent,
v
Nicholas Johnson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Mitchell of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered April 20, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.
The court properly denied defendant's suppression motion. Even assuming that defendant has standing to challenge the search of the bag (see People v Ramirez-Portoreal, 88 NY2d 99, 108-109 [1996]), the search was justified as a search incident to a lawful arrest. The bag, which was under the bed on which defendant was lying and two feet away, was within defendant's "grabbable area," and the police had reason to suspect that defendant was armed and dangerous, given that the i-Cards issued for his arrest indicated that he had committed a gunpoint rape and robbery and in light of the reports of his violent history (see People v Jimenez, 22 NY3d 717, 722 [2014]; People v Gokey, 60 NY2d 309, 312 [1983]). Although defendant was handcuffed at the time of the search, the bag had not been reduced to the exclusive control of the police, and the police acted reasonably to ensure their safety (see People v Wylie, 244 AD2d 247, 250 [1st Dept 1997], lv denied 91 NY2d 946 [1998]; People v Johnson, 86 AD2d 165, 168 [1st Dept 1982], affd 59 NY2d 1014 [1983]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024