People v Chamlee (2024 NY Slip Op 06170)

People v Chamlee

2024 NY Slip Op 06170

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Ind. No. 70032/22 Appeal No. 2840 Case No. 2022-05167 

[*1]The People of the State of New York, Respondent,
v
Jamar Chamlee, Defendant-Appellant.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J. at suppression hearing; Cori Weston, J. at trial and sentencing), rendered November 10, 2022, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree and menacing in the second degree, and sentencing him to an aggregate term of five years, followed by four years of postrelease supervision, unanimously affirmed.
Supreme Court properly denied defendant's motion to suppress the gun recovered from his backpack during a search incident to his arrest. Upon receiving a radio dispatch for a 911 call reporting a suspect brandishing a firearm at a nearby gas station, the police arrived in less than one minute and saw defendant who matched the suspect's description. Accordingly, they had a level-two right to inquire (see People v DeBour, 40 NY2d 210, 223 [1976]), and the officer's statement, "police, don't move," did not constitute a seizure (see People v Davis, 151 AD3d 588, 589 [1st Dept 2017], lv denied 31 NY3d 1012 [2018]). Defendant's immediate flight in response elevated the situation to a level-three encounter, permitting a forcible stop and detention (see DeBour, 40 NY2d at 223; People v Shakoor, 198 AD3d 490, 490-491 [1st Dept 2021], lv denied 38 NY3d 930 [2022]). Once defendant was handcuffed, he was asked where the gun was and he claimed he had discarded it. Following a search of the area in which no weapon was found, the officer picked up the backpack from the public path a few feet from defendant. The weight of the backpack was consistent with a gun, leading the officer to search the bag. Because of the extremely close spatial and temporal proximity between the radio dispatch of a man brandishing a gun and defendant's flight into a public park, the officers had reason to suspect that his backpack might contain a weapon, and it was reasonable for the police to search the bag for the safety of themselves and the public (see People v Jimenez, 22 NY3d 717, 722 [2014]; see also People v Gokey, 60 NY2d 309, 311-312 [1983]; People v Smith, 59 NY2d 454, 458-459 [1983]).
The verdict was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348—349 [2007]; see People v Baque, ___NY3d___, 2024 NY Slip Op 05244 [2024]). The credible evidence established that defendant had an argument over the phone with a gas station attendant concerning defendant's car. Defendant then went to the gas station, retrieved a gun from his backpack, and brandished the gun at the attendant. Accordingly, defendant's "possession of the weapon with intent to use it unlawfully against another" was completed "when he drew the weapon to intimidate" (see People v Perez, 278 AD2d 2, 3 [1st Dept 2000], lv denied 96 NY2d 804 [2001]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024