■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAIWU JENKINS, Appellant. [756 NYS2d 151] —Judgment, Su-

preme Court, New York County (John Stackhouse, J.), rendered August 10, 2000, convicting defendant, after a jury trial, of two counts of assault in the first degree, and sentencing him, as a second felony offender, to two consecutive terms of 25 years, unanimously affirmed.

The People's reverse-*Batson* application (*Batson v Kentucky* 476 US 79; *People v Kern*, 75 NY2d 638, *cert denied* 498 US 824) was properly granted. The record supports the court's express and implied findings (*see People v Payne*, 88 NY2d 172, 185) that the race-neutral reasons provided by defense counsel for the peremptory challenges at issue were pretextual, and these findings are entitled to great deference (*see People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). Defendant's demeanor-based explanation for his challenge to one juror was found by the court to be unsubstantiated, and with respect to the other two jurors at issue, there was evidence of disparate treatment by defendant of similarly situated panelists. To the extent that defendant is challenging the procedures by which the court disposed of his *Batson* application, such claim is unpreserved (*see People v McLeod*, 281 AD2d 325, *lv denied* 96 NY2d 904; *People v Morales*, 246 AD2d 302, *lv denied* 91 NY2d 975), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see People v Hameed*, 88 NY2d 232, 237, *cert denied* 519 US 1065; *People v Payne*, 88 NY2d at 184).

Defendant's suppression motion was properly denied. Defendant argues that the photographic array was rendered unduly suggestive by the fact that defendant was the only person pictured wearing a gold chain, when both victims had described their attacker as wearing a medallion on a chain. Although this difference between defendant's appearance and that of the other persons depicted should have been avoided, we find that under the circumstances the ordinary and inconspicuous chain worn by defendant in the photograph, unadorned by any medallion or other device, did not single defendant out so as to taint the identification procedure (*People v Gega*, 188 AD2d 305, *lv denied* 81 NY2d 886).

The challenged testimony about how one of the victims learned that defendant had been arrested was properly admitted over defendant's hearsay objection because it completed the narrative, provided background information explaining the events leading to defendant's arrest, and was relevant to issues raised at trial concerning this victim's conduct subsequent to the crime (*see People v Tosca*, 98 NY2d 660). Since it was made abundantly clear to the jury that the nontestifying

declarant at issue had no knowledge of the instant crime, there was no danger that this testimony might have created the impression that a nontestifying witness had implicated defendant. To the extent that defendant is raising a Confrontation Clause claim, such claim is unpreserved (*People v Kello*, 96 NY2d 740, 743-744), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see United States v Reyes*, 18 F3d 65, 70-71).

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Mazzarelli, Buckley, Williams and Lerner, JJ.