■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ROSARIO, JR., Appellant. [765 NYS2d 320] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered November 27, 1995, convicting defendant, after a jury trial, of murder in the second degree (three counts), conspiracy in the second degree, and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 38⅓ years to life, and order, same court and Justice, entered on or about December 23, 1999, which denied defendant's motion to vacate judgment pursuant to CPL 440.10, unanimously affirmed.

As this Court determined upon the appeal of another defendant who had originally been joined for trial with this defendant (*People v Jackson*, 264 AD2d 683 [1999], *lv denied* 94 NY2d 881 [2000]), the trial court (168 Misc 2d 182 [1995]) properly resolved an issue arising under *Brady v Maryland* (373 US 83 [1963]). There is no significant difference between the situation of the instant defendant and that of severed codefendant, and no reason to reach a different result herein.

The verdict convicting defendant of murder in the deaths of two persons in addition to his intended victim was based on legally sufficient evidence. The evidence established that in this murder for hire scheme, defendant, with intent to cause the death of one person, caused the death of that person as well as the deaths of two other persons present at the time (*see* Penal Law § 125.25 [1]; *see also People v Fernandez*, 88 NY2d 777 [1996]).

The court properly admitted evidence that the weapon used in the instant crimes was owned by defendant and had been used in a prior shooting. The fact of the prior shooting was not admitted to show criminal propensity (*see People v Allweiss*,48 NY2d 40, 46 [1979]), but constituted relevant evidence in that

it supported the version of events provided by the People's main witness concerning defendant's choice of this pistol as the murder weapon. Furthermore, this evidence was not unduly prejudicial, because, under the circumstances of the case, the fact that defendant's weapon had been used in another shooting did not necessarily imply that defendant himself had committed that crime or that he had been prosecuted for it. Moreover, the court delivered a thorough limiting instruction.

The court properly admitted evidence from which the jury could reasonably conclude that defendant made an implied threat to harm the People's main witness if he did not provide favorable testimony, since this evidence was highly probative of defendant's consciousness of guilt (*see People v Major*, 243 AD2d 310 [1997], *lv denied* 91 NY2d 928 [1998]). After hearing argument, the court made an advance ruling on this evidence and it was not obligated to conduct an evidentiary hearing as well.

The court properly denied defendant's motion to vacate his judgment of conviction made on the ground of ineffective assistance of counsel. The trial record establishes that defendant received effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]) and that there are reasonable strategic explanations for trial counsel's decision not to call certain witnesses. Defendant's submissions on his motion, which did not include affidavits from trial counsel or from any of the uncalled witnesses, did not substantiate his claims and did not warrant a hearing (*see People v Satterfield*, 66 NY2d 796, 799-800 [1985]). Concur—Saxe, J.P., Sullivan, Williams, Lerner and Friedman, JJ.