The court properly sentenced defendant to a consecutive term for his third-degree weapon possession conviction. This conviction represented a separate offense, as defendant admitted in his videotaped statement that he had brought the weapon to the nightclub in question on a number of occasions in the past (*see People v Salcedo*, 92 NY2d 1019 [1998]; *People v Almodovar*, 62 NY2d 126 [1984]). We decline to vacate the third-degree weapon possession conviction in the interest of justice, and we perceive no basis for a reduction in sentence. Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK OVERTON, Appellant. [765 NYS2d 344] —Judgment, Supreme Court, New York County (Dora Irizarry, J.), rendered December 13, 2001, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the fourth degree and attempted assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). In this larceny that defendant escalated into a robbery, the evidence warranted the inference that defendant deliberately misrepresented the contents of a package which he sold and falsely promised to return with three more packages in exchange for the money that he had already received. Accordingly, the evidence established the underlying larceny by false pretenses and false promise (Penal Law § 155.05 [2] [a], [d]). Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER SEVERINO, Appellant. [765 NYS2d 502] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered December 19, 2000, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the first degree, and sentencing him to concurrent terms of 12½ to 25 years, unanimously affirmed.

The court properly admitted a detective's testimony concerning his investigative steps, including preparation of a wanted card, since this testimony provided a narrative of events leading to defendant's arrest (*see e.g. People v Parris*, 247 AD2d 221, 222 [1998], *lv denied* 91 NY2d 944 [1998]), and did not imply that a nontestifying witness had implicated defendant. In any event, were we to find any error in the receipt of this testimony, we would find it to be harmless. Defendant's

Confrontation Clause claim is unpreserved and unavailing (*see People v Jenkins*, 302 AD2d 247, 249 [2003]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions, including those relating to the criteria employed by the court in imposing sentence (*see People v Harrison*, 82 NY2d 693 [1993]), are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Friedman, JJ.