■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BROOKS, Appellant. [785 NYS2d 248]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered August 12, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]) and attempted robbery in the first degree (§§ 110.00, 160.15 [2]), defendant contends that he was denied effective assistance of counsel. We reject that contention (*see generally People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant's contention is based in part on defense counsel's failure to object when the prosecutor elicited testimony from a detective concerning a recorded telephone conversation that he had with a person who did not testify at trial. That testimony established that defendant made no admissions to the murder during the recorded telephone conversation, a fact that defense counsel brought out extensively on his cross-examination of the detective, and thus the detective's testimony "did not imply that a nontestifying [person] had implicated defendant" (*People v Severino*, 309 AD2d 571, 571 [2003], *lv denied* 1 NY3d 580 [2003]). In order to establish ineffective assistance of counsel, " 'it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*Benevento*, 91 NY2d at 712), and defendant failed to do so here. The remaining contention of defendant with respect to his alleged denial of effective assistance of counsel is equally without merit. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Hayes, JJ.