GERARD E. LYNCH, Circuit Judge:
Petitioner-appellant Taiwu Jenkins was sentenced in 2000 to two consecutive twenty-five year prison terms after a jury convicted him of two counts of assault in the first degree for slashing two victims’ faces with a razor blade. In 2005, Jenkins filed a pro se motion in state court, seeking to vacate his judgment of conviction on the ground that his trial attorney had not accurately informed him of his sentence exposure, and that, had the attorney done so, Jenkins would have accepted a plea offer from the government rather than go to trial. After the state courts denied his *300 motion, Jenkins filed a petition for writ of habeas corpus in the Southern District of New York, which was denied on the ground that his petition was untimely under 28 U.S.C. § 2244(d)(1). Jenkins now argues that state law required him to support his post-trial motion with an affidavit from the very attorney whose performance he was impugning, and that the attorney’s failure to reply in a timely manner to his letters requesting such an affidavit constituted an extraordinary circumstance warranting equitable tolling of the limitations period. We conclude that Jenkins’s argument fails, because New York law in fact permitted him to support his motion with either an affidavit or an explanation of why such an affidavit was unavailable. He therefore could have filed on time in spite of the attorney’s dereliction and is not entitled to equitable tolling.
BACKGROUND
On August 10, 2000, Taiwu Jenkins was sentenced to two consecutive prison terms of twenty-five years, after being found guilty by a jury of two counts of assault in the first degree. The conviction arose from an incident in October 1998 in which Jenkins asked two people for change inside a grocery store in upper Manhattan. After the two refused, Jenkins argued with them, followed them outside the store, and slashed both victims’ faces with a razor blade. Each needed approximately 150 stitches to close the resulting wounds.
Jenkins unsuccessfully appealed his conviction to the Appellate Division. See People v. Jenkins, 302 A.D.2d 247, 756 N.Y.S.2d 151 (1st Dep’t), leave to appeal denied, 100 N.Y.2d 583, 764 N.Y.S.2d 393, 796 N.E.2d 485 (2003). Jenkins subsequently filed a pro se petition for a writ of habeas corpus in the Southern District of New York, raising the same arguments against his conviction that he made in his direct appeal. The district court granted Jenkins’s request for appointment of counsel. Jenkins’s counsel then asked the district court to stay the petition while Jenkins exhausted state court remedies “relating to an ineffective assistance of counsel argument.” The district court dismissed the petition on May 13, 2005, with leave to reopen.
Two months later, in July 2005, Jenkins moved pro se in state court under N.Y. C.P.L. § 440.10 to vacate the judgment of conviction, claiming that his trial counsel, Oliver A. Smith, provided ineffective assistance by failing to tell him that if he were convicted after trial, he faced a maximum sentence of twenty-five years on each count of assault.[1] Jenkins asserted that Smith conveyed to him two plea offers— one of eight years, then one of seven years[2] — and advised him that “the judge would probably give [him] 10 to 12 years” if he were convicted at trial. Jenkins maintained that, had Smith advised him as to his true sentencing exposure, he would have accepted one of the offered plea bargains.
Jenkins included with his motion two letters: one from Jenkins to Smith dated April 17, 2005, and a reply from Smith dated April 21, 2005. The April 17 letter repeatedly questions Smith why he failed to tell Jenkins that his total sentencing exposure was fifty years, and asks Smith for any assistance he could offer, but does not ask for an affidavit or other formal statement from Smith verifying that he had not told Jenkins of his full sentence *301 exposure. Smith’s response explains that he was surprised at the length of Jenkins’s sentence. Smith wished Jenkins luck in his petition and ended the letter by stating “if there is anything that I can do to assist you in that regard, then please let me know.”[3]
The state court denied Jenkins’s motion on October 27, 2005. Jenkins sought leave to appeal from the denial of his motion, asserting that in May 2005 he had requested an affidavit from Smith attesting that he had not informed Jenkins of his sentence exposure, but that Smith had not responded to the request. The Appellate Division denied leave to appeal on June 6, 2006.
Almost three weeks later, Jenkins filed a second pro se habeas corpus petition in the Southern District of New York. He again raised his original challenges to his conviction, but added an ineffective assistance of counsel claim based on Smith’s failure to inform him of his sentence exposure. In September, Jenkins wrote to the court that he had obtained new evidence with respect to his prior state-court motion, and requested that the federal habeas petition be held in abeyance until the state court had ruled on his renewed motion. The district court granted the stay, conditioned on Jenkins’s return to the district court within thirty days of exhausting his state remedies.
Meanwhile, Jenkins moved in state court to renew his § 440 motion based on purported newly-discovered evidence. Jenkins attached two letters to Smith, dated May 10, 2005 and June 12, 2006, asking for an affidavit. Jenkins also attached an affirmation from Smith, dated July 21, 2006, attesting that he had not informed Jenkins that his exposure was fifty years. The state court denied Jenkins’s motion to renew, and the Appellate Division again denied leave to appeal.
Twenty days after the Appellate Division ruling, Jenkins informed the district court that he had exhausted his ineffective assistance claim. In January 2008, Jenkins retained new counsel, who filed supplemental papers dropping all but the ineffective assistance claims and including a supplemental affidavit by Jenkins stating that he had not been informed that his total sentence exposure was fifty years. Counsel also attached an affirmation by Dominic J. Profaci, who briefly represented Jenkins before his indictment, stating that in his brief representation of Jenkins, he did not recall discussing sentence exposure with him.
After the government submitted a memorandum of law arguing that the ineffective assistance claim was untimely, Jenkins argued in reply that he was entitled to equitable tolling. Jenkins submitted further supplemental materials with his reply, including an affirmation by Jenkins’s wife stating that Smith had told Jenkins his sentence exposure was around ten years and two letters from Jenkins to Smith dated July 25, 2003 and February 18, 2004, both requesting an affidavit.
The district court denied Jenkins’s petition as untimely. See Jenkins v. Greene, 646 F.Supp.2d 615 (S.D.N.Y.2009). The court found that while Jenkins had until October 15, 2004 to file a petition raising his ineffective assistance of counsel claims, he did not file that claim until June 29, 2006. Id. at 620. The court also rejected Jenkins’s argument that his ineffective assistance of counsel claim related back to his initial petition pursuant to Federal *302 Rule of Civil Procedure 15(c)(1)(B), finding that the ineffective assistance claim did not arise from the same common core of operative facts as his claim in his initial petition that his sentence was excessive. Id. at 621. Finally, the district court rejected Jenkins’s argument that he was entitled to equitable tolling, stating that the court was “not persuaded that the difficulty Jenkins had in obtaining the affidavit from [his trial counsel] constitutes an extraordinary circumstance.” Id. at 622.
DISCUSSION
I. Standard of Review
The Supreme Court recently confirmed that equitable tolling applies to the 1-year limitations period contained in 28 U.S.C. § 2244(d)(1). Holland v. Florida, — U.S.-, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). However, tolling is appropriate “only if [the petitioner] shows ‘(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way’ and prevented timely filing.” Id. at 2562 (emphasis added), quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Where a district court denies equitable tolling as a matter of law, we review the decision de novo. See Belot v. Burge, 490 F.3d 201, 206 (2d Cir.2007). If the district court denied equitable tolling on the basis of a factual finding, however, we review the factual finding for clear error. See id. If the district court declined to toll in the exercise of its discretion, we apply an abuse of discretion standard. See Saunders v. Senkowski, 587 F.3d 543, 549-50 (2d Cir.2009). We need not decide whether the district court’s conclusion that Jenkins did not demonstrate extraordinary circumstances prevented him from making his claim is a legal or discretionary one. Because we agree with the district court’s conclusion, we would affirm regardless of the standard of review applied.
II. Analysis
A federal habeas corpus petition must be filed within one year of the latest of four dates, in Jenkins’s case October 15, 2003, when his time to seek a writ of certiorari to the Supreme Court expired.[4] See 28 U.S.C. § 2244(d)(1)(A) (specifying that one date from which the limitation period may run is “the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review”). Jenkins does not now dispute that he raised the ineffective assistance of counsel claim outside this time period, and no longer contends that this new argument relates back to the filing of his original petition raising other issues. He instead argues that he is entitled to equitable tolling of the statutory period. This argument is unavailing.
Tolling of the limitations period is applied only in “rare and exceptional” circumstances. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.2000). A litigant seeking equitable tolling must show both that he “diligently” pursued his rights and that “some extraordinary circumstance ... prevented timely filing.” Holland, 130 S.Ct. at 2562 (internal quotation marks omitted); see also Bolarinwa v. Williams, 593 F.3d *303 226, 231 (2d Cir.2010). A petitioner seeking equitable tolling must “demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.” Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir.2000).
We need not address whether Jenkins was diligent in pursuing his rights, as his argument for equitable tolling fails on the second element: Jenkins has not shown that an extraordinary circumstance stood in the way of his pursuing his ineffective assistance of counsel claim. Jenkins argues that he faced an extraordinary circumstance because, in order to present his claim of ineffective assistance of counsel to the New York courts (as he was required to do in order to exhaust his state remedies before seeking federal relief), New York law required him to provide an affidavit from the attorney whose effectiveness is being disputed, and he faced “particular difficulties” obtaining such an affidavit from Smith.
It is simply not true, however, that New York law required defendants to present an affidavit from the allegedly ineffective counsel. The very cases on which Jenkins himself relies are clear that the New York courts do not inflexibly require that defendants claiming ineffective assistance must present a supporting affidavit from the challenged attorney. No doubt recognizing that obtaining such an affidavit may prove difficult, the New York courts have expressly stated that either an affidavit from counsel or an explanation of why such an affidavit is not available is acceptable. That is the specific holding of People v. Morales, 58 N.Y.2d 1008, 461 N.Y.S.2d 1011, 448 N.E.2d 796 (1983), the New York Court of Appeals decision that Jenkins maintains created the affidavit requirement:
Because defendant failed to submit an affidavit from the attorney who represented him at plea and sentence or offer an explanation of his failure to do so, it cannot be said that as to defendant’s failure to appeal the coram nobis Judge erred in denying the application without a hearing.
Id. at 1009, 461 N.Y.S.2d 1011, 448 N.E.2d 796 (emphasis added).
Indeed, in 2001, the First Department held that summary denial of a § 440 motion where the defendant provided an explanation for his failure to provide an affidavit rather than an affidavit was an abuse of discretion. The court stated:
It is true that ordinarily a complete record adduced through a motion to vacate the judgment of conviction pursuant to CPL 440.10, which includes an affidavit from trial counsel explaining his or her trial tactics, is necessary in order to properly evaluate a claim of ineffective assistance of counsel. The failure to present such an affidavit from the attorney or an explanation for the failure to do so has been held to justify denial of a defendant’s motion without a hearing. In the instant case, however, defendant provided a viable explanation for the failure to include such affidavit — i.e., counsel’s disbarment prior to defendant’s bringing the motion, buttressed by the complaint filed with the Grievance Committee regarding Rojas’ conduct. It was, therefore, an abuse of discretion for the court to summarily deny defendant’s Section 440.10 motion on the basis of this procedural deficiency.
People v. Gil, 285 A.D.2d 7, 729 N.Y.S.2d 121, 125 (1st Dep’t 2001). New York courts have repeatedly recited the rule *304 that either an attorney’s affidavit or an explanation for its absence is required. See, e.g., People v. Johnson, 292 A.D.2d 284, 739 N.Y.S.2d 381, 383 (1st Dep’t 2002) (affirming trial court’s denial of motion to vacate conviction due to ineffective assistance because defendant “failed to include an affidavit of his trial counsel ... or an explanation as to why such affidavit was not included”); People v. Hunt, No. 4857/84, 2007 WL 1558868, at *7 (Sup.Ct. Bronx Co. Apr. 24, 2007) (noting defendant’s failure to submit affidavit and citing Morales’s “holding that Defendant’s failure to supply attorney’s affirmation or explain such failure warranted summary denial of motion”); see also People v. Radcliffe, 298 A.D.2d 533, 749 N.Y.S.2d 257, 258 (2d Dep’t 2002) (“[T]his court has not required affidavits of counsel where, as here, the defendant is raising an ineffective assistance claim based on an alleged error or omission of trial counsel.”).[5]
A requirement that a defendant alleging ineffective assistance of counsel must either submit an affidavit from his attorney or an explanation of why he cannot present such an affidavit from his attorney is not is not an extraordinary circumstance that “prevented [Jenkins from] timely filing” his claim for relief. Holland, 130 S.Ct. at 2562. Jenkins could have timely filed his motion in state court accompanied by a sworn statement explaining that he was unable to secure an affidavit from Smith because Smith had failed to provide one despite Jenkins’s repeated timely requests.[6] He therefore cannot show a caus *305 al relationship between the alleged extraordinary circumstance and the lateness of his filing. See Valverde, 224 F.3d at 134.
As our dissenting colleague points out, this conclusion is harsh in that it prevents Jenkins from challenging an extremely severe sentence that may very well have been the result of an ineffective attorney.[7] That, however, is the consequence of Congress’s decision to impose a limitations period on petitions for habeas corpus. Such limitations statutes by their nature preclude sympathetic or meritorious claims as well as frivolous ones. And the doctrine of equitable tolling does not permit us to excuse compliance with the statute whenever a potentially meritorious claim is at stake, or whenever a petitioner faces an especially severe sentence. Nor does that doctrine allow tolling whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel. See Smith, 208 F.3d at 18 (holding that petitioner’s pro se status did not merit equitable tolling), citing Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (“We have held that neither a plaintiffs unfamiliarity with the legal process nor his lack of representation diming the applicable filing period merits equitable tolling.”). Although we are mindful that equitable procedure demands flexibility in the approach to equitable intervention, see Holland, 130 S.Ct. at 2563, that flexibility cannot stretch beyond the requirement that an extraordinary circumstance prevent timely filing. Jenkins did not file his federal petition within the allowable time limit, and his explanation for his failure to do so boils down to the claim that he was thwarted by a mistaken reading of New York ease law to impose a requirement that did not in fact exist. Under the law, such a mistaken belief is not a basis for equitable tolling.
CONCLUSION
For the foregoing reasons, the judgment of the district court is AFFIRMED.

. Smith represented Jenkins through trial, but did not represent him at his sentencing or on appeal.

. Respondent advised the district court that no records of a second plea offer exist in the district attorney’s files.

. Smith's letter also countered Jenkins’s suggestion that he failed to put on the strongest possible case, explaining that in his opinion the case was lost because the main witness on Jenkins's behalf was caught in a lie.

. Jenkins thus had until October 15, 2004 to file a federal habeas corpus petition. Jenkins was required to exhaust his ineffective assistance claim in state court before filing the federal petition, but the one-year limitations period would have been statutorily tolled during the pendency of the state proceedings. See 28 U.S.C. § 2244(d)(2). Here, however, Jenkins did not even present his ineffective assistance motion to the state court until July 2005. In effect, therefore, the issue before us is whether an extraordinary circumstance prevented Jenkins from filing his state motion until that time.

. The cases cited by the dissent do not support the contention that an attorney’s affidavit is inflexibly required. In some of the cases cited, the New York courts addressed the merits of the underlying ineffective assistance claim despite the lack of an attorney affidavit. For example, in People v. Rosario, the Appellate Division held that "[t]he trial record establishe[d] that [Rosario] received effective assistance and that there are reasonable strategic explanations for trial counsel’s decision not to call certain witnesses.” 309 A.D.2d 537, 765 N.Y.S.2d 320, 322 (1st Dep’t 2003) (internal citation omitted). Only after rejecting the claim on the merits did the court note that Rosario’s “submissions on his motion, which did not include affidavits from trial counsel or from any of the uncalled witnesses, did not substantiate his claims and did not warrant a hearing.” Id. (emphasis added). Thus the court did not require an attorney affidavit as a prerequisite to reaching the merits, and, to the extent the absence of an attorney affidavit was relevant at all, the court expressly treated other evidence — such as the affidavit submitted in this case by Jenkins’s wife — as an alternative to an attorney affidavit. See also People v. Smiley, 67 A.D.3d 713, 886 N.Y.S.2d 893, 893 (2d Dep’t 2009) (“[Smiley’s] self-serving allegations [were] not supported by any other affidavit or evidence, and under all the circumstances attending the case, there is no reasonable possibility that such allegations are true.” (emphasis added)). The other cases cited by the dissent merely mention the lack of an attorney affidavit, but do not hold that such an affidavit is required. See People v. De Jesus, 39 A.D.3d 1196, 835 N.Y.S.2d 792, 792 (4th Dep’t 2007) (defendant’s “submissions, which do not include an affidavit from trial counsel, are insufficient to warrant a hearing”); People v. Figueroa, 187 Misc.2d 539, 722 N.Y.S.2d 336, 338 (Sup.Ct. Bronx Co.2001), aff'd, 254 A.D.2d 226, 679 N.Y.S.2d 304 (1st Dep't 1998) (rejecting ineffective assistance claim on the merits after noting that Figueroa failed to submit an affirmation from his former attorney “and ... offered absolutely no explanation for his failure to do so ” (emphasis added)). These cases demonstrate, at best, that an attorney affidavit would have aided Jenkins’s attempts to secure relief on his ineffective assistance claim; they do not show that such an affidavit was required before the state court would address the merits of that claim. The mere possibility that a state court will deny the claim does not constitute an extraordinary circumstance that prevents a defendant from raising it.

. Respondent contends that the only letters to Smith asking for an affidavit that are dated within the limitations period, which were not provided by Jenkins to any court until after respondent raised the timeliness objection to his renewed federal habeas petition in 2008, *305 are fabrications. For purposes of this appeal, we assume the truth of Jenkins's assertion that he made these requests of Smith on or about the dates that appear on the letters.

. We express no view, of course, on the merits of Jenkins's claim. In order to obtain habeas relief, Jenkins would have to establish not only that counsel fell below acceptable standards of performance in not advising him of his potential exposure after trial, but also that he was prejudiced in that he would have accepted a more favorable plea offer if he had been properly advised. See United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir.1998) (holding that petitioner suffered prejudice "if his reliance on [counsel's] advice affected the outcome of the proceedings"). As noted above, it is disputed whether there ever was such a plea offer. Moreover, in characterizing the sentence as severe, we do not suggest that the sentence was unfair or excessive; the record before us is insufficient to form any judgment on that subject. We note only that the sentence is very long, and that the habeas statute of limitations prevents a federal inquiry into a claim that raises a non-frivolous constitutional question.