09-5309-pr
Byrd v. Alexander

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    **Chief Judge**,
         RICHARD C. WESLEY,
         DENNY CHIN,
                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - - -X

DARRELL BYRD,
         **Petitioner-Appellant**,

         -v.-                                    09-5309-pr

ANDREA W. EVANS, Chair and Chief
Executive Officer, New York State
Division of Parole, and ERIC T.
SCHNEIDERMAN, New York State Attorney
General,
         **Respondents-Appellees**.*

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Andrea W. Evans, the Chair and Chief Executive Officer of the New York State Division of Parole, is automatically substituted for former Chair and Chief Executive Officer, George B. Alexander, and New York State Attorney General, Eric T. Schneiderman, is automatically substituted for former New York State Attorney General, Andrew M. Cuomo.

```
- - - - - - - - - - - - - - - - - - - - - -X
```

**FOR APPELLANT:**                    Lorca Morello, Arthur H.
                                      Hopkirk, The Legal Aid Society,
                                      Criminal Appeals Bureau, New
                                      York, New York.

**FOR APPELLEES:**                    Joseph N. Ferdenzi, Allen H.
                                      Saperstein, Andrew S. Holland,
                                      Assistant District Attorneys,
                                      *for* Robert T. Johnson, District
                                      Attorney, Bronx County, Bronx,
                                      New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Darrell Byrd appeals from an order of the United States District Court for the Southern District of New York (Kaplan, <u>J.</u>), denying his application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

Byrd was convicted, after a jury trial, of sodomy in the first degree, N.Y. Penal Law § 130.50(3) (1996), sexual abuse in the first degree, N.Y. Penal Law § 130.65(3) (1996), and endangering the welfare of a child, N.Y. Penal Law § 260.10(1) (1996).  Byrd has completed his term of incarceration and is currently under parole supervision. "[A] petitioner under supervised release may be considered in custody" for purposes of pursuing an application for a writ of habeas corpus.  <u>Scanio v. United States</u>, 37 F.3d 858, 860 (2d Cir. 1994) (internal quotation marks omitted).

Byrd argues that his trial counsel was constitutionally ineffective because she failed to consult an independent expert to explore the finding of the New York City Office of the Chief Medical Examiner that semen was found on swabs taken from the victim, but not any genetic material.  The absence of genetic material meant that the sample could not be matched to Byrd, although the presence of semen corroborated the evidence of a sexual assault.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

2

Byrd first raised ineffectiveness in a motion to vacate his judgment of conviction, brought pursuant to New York Criminal Procedure Law § 440.10. The state court declined to reach the merits of the claim because Byrd failed to provide an affidavit from trial counsel. Byrd also moved for an order permitting forensic re-testing of the swabs. The state court granted this motion, in the interest of justice. The re-testing showed "no evidence of semen or male DNA." Consequently, Byrd renewed his § 440.10 motion. The state court again declined to reach the merits of Byrd's claim that his trial counsel was deficient, this time on the ground that Byrd failed to assert the claim on direct appeal. Addressing Byrd's "conclusion" that he would have been acquitted if defense counsel had handled the forensic evidence differently, the state court observed:

> This conclusion completely ignores the fact that the jury's verdict did not rest solely on the forensic testimony. The trial jury reached [its] conclusion after hearing the testimony of the complainant, the corroborating testimony of the complainant's sister who was in the same room at the time of the incident, independent witness testimony of the defendant's presence in the home on the date and time in question, and testimony of the defendant's own confession to the police that he had touched the complainant's buttocks and was moving up and down against her at one point.

The threshold question is whether Byrd is procedurally barred from seeking federal review of his ineffectiveness claim on either of two grounds. First, Byrd failed to provide an affidavit from trial counsel in the state court proceedings. We conclude this failure does not bar our review of the claim, as "New York courts do not inflexibly require that defendants claiming ineffective assistance must present a supporting affidavit from the challenged attorney." Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010). We decline to rely on this procedural issue as a basis for our disposition of Byrd's application for habeas relief. See Lee v. Kemna, 534 U.S. 362, 376 (2002) (observing that "violation of firmly established and regularly followed state rules . . . will be adequate to

3

foreclose review of a federal claim" (internal quotation marks omitted)).

Second, on Byrd's renewed § 440.10 motion, the state court declined to consider whether trial counsel's performance was deficient because Byrd failed to raise the argument on direct appeal.  Likewise, this procedural failure does not bar our reaching the merits.  Respondents do not argue that Byrd's failure to raise his ineffective assistance challenge on direct appeal bars our review of his claim.  Cf. Clark v. Perez, 510 F.3d 382, 392 (2d Cir. 2008) (noting "that a motion to vacate based on facts visible on the trial record must be dismissed where the defendant unjustifiably failed to raise the issue on direct appeal").  Moreover, it is appropriate to "hurdl[e] the procedural questions to reach the merits of [Byrd's] habeas petition," Dunham v. Travis, 313 F.3d 724, 729 (2d Cir. 2002), because his ineffective assistance challenge is "easily resolvable against" him.  Id. at 729-30.

"In order to establish ineffective representation, the defendant must prove both incompetence and prejudice." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); see also Strickland v. Washington, 466 U.S. 668, 687 (1984).  Here, we do not reach the first prong of the Strickland test.  Instead, we assume, without deciding, that trial counsel's performance was deficient and we proceed to consider the second prong: prejudice.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d)(1), the "pivotal question" is "whether the state court's application of the Strickland standard was unreasonable."  Harrington v. Richter, 131 S. Ct. 770, 785 (2011).  "[A]n unreasonable application of federal law is different from an incorrect application of federal law." Id. (internal quotation marks omitted).  AEDPA mandates that federal courts grant state courts "deference and latitude" that are not in play when considering a stand alone Strickland claim.  AEDPA's standard was meant to be difficult.  Id. at 786.  Federal courts may only grant habeas relief "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts . . . with precedents" of the Supreme Court.  Id.

4

Because the state court concluded that Byrd's trial counsel's efforts, whether competent or not, caused him no prejudice, this conclusion is subject to AEDPA review. Although this conclusion was reached in the context of a renewed § 440.10 motion based on the re-testing, the state court clearly rejected Byrd's argument that he would have been acquitted if his counsel had not been ineffective. Applying this deferential standard of review, we hold that Byrd is not entitled to habeas relief.

The record includes testimony from two direct witnesses, two corroborating witnesses, and Byrd's prior statements, including his admissions that: he put his hand on the young girl's back and buttocks, and pushed her up and down for about 30 seconds; he "hump[ed]" her and had an erection; and he touched her in a "sexual way." Significantly, neither penetration nor ejaculation was required for the crime of sodomy. N.Y. Penal Law § 130.50(3); See People v. May, 702 N.Y.S.2d 393, 397 (3d Dep't 2000) (noting that "penetration is not an essential element of forcible sodomy"). Thus, there was substantial evidence on which the jury could have relied to convict Byrd, even in the absence of semen, and the state court reasonably concluded that trial counsel's purported failures were not prejudicial. This conclusion did not involve an unreasonable application of clearly established federal law.

Having reviewed all of Byrd's arguments presented on appeal, we hereby **AFFIRM** the judgment of the district court denying his application for a writ of habeas corpus.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5