Rivera v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                           Chief Judge,
              JOSÉ A. CABRANES,
              DEBRA ANN LIVINGSTON,
                           Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
CARLOS F. RIVERA,

        Petitioner-Appellant,

        -v.-                                        10-2593

UNITED STATES OF AMERICA,

        Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:
                                Robert J. Boyle
                                New York, NY

**FOR APPELLEE:**

Eric J. Glover (Robert M. Spector, <u>on the brief</u>), Assistant United States Attorney, *for* David B. Fein, United States Attorney, District of Connecticut, New Haven, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Kravitz, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

Carlos Rivera appeals from a judgment entered in the United States District Court for the District of Connecticut denying as untimely his petition for a writ of habeas corpus. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Rivera argues that the district court erred by denying his motion to equitably toll the one-year limitations period for filing his habeas petition. <u>See</u> 28 U.S.C. § 2255(f)(1). We review the district court's legal conclusions <u>de novo</u> and its factual findings for clear error. <u>Jenkins v. Greene</u>, 630 F.3d 298, 302 (2d Cir. 2010). Where a district court declines to grant equitable tolling "in the exercise of its discretion, we apply an abuse of discretion standard." <u>Id.</u>

"To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." <u>Hizbullahankhamon v. Walker</u>, 255 F.3d 65, 75 (2d Cir. 2001) (internal quotation marks omitted). "[W]e set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." <u>Dillon v. Conway</u>, 642 F.3d 358, 363 (2d Cir. 2011) (per curiam). Rivera has failed to surmount that bar. The circumstances he alleges--a delay in his ability to get in contact with his attorney to request a copy of his trial transcripts and

other documents, and the temporary withholding of those documents by the prison mail room to ensure compliance with a prison rule--are far from extraordinary. Rivera has not alleged egregious conduct on the part of his attorney. See Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003). Nor has he alleged intentional interference by prison personnel on the verge of the filing deadline. See Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000). Rivera was denied access to the requested documents only temporarily; the confiscation of his transcripts was accidental; and at no point was he deprived of his actual habeas petition. "[T]he usual problems inherent in being incarcerated do not justify equitable tolling," and the conduct alleged by Rivera is not "far enough outside the range of behavior that reasonably could be expected . . . that [it] may be considered 'extraordinary.'" Baldayaque, 338 F.3d at 152.

Rivera has also not shown that the difficulties he faced prevented him from filing his petition on time. To be eligible for equitable tolling, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134. The district court observed that Rivera still had a couple of weeks to file before his § 2255 motion was due once he received the requested documents. The court acted within its discretion in concluding that this was enough time for Rivera to have filed a timely, even if unpolished, petition. See Belot v. Burge, 490 F.3d 201, 207-08 (2d Cir. 2007) (holding that it was "within the court's reasonable discretion" to conclude that a petitioner was not entitled to equitable tolling because he "ought reasonably to have begun his preparation earlier and filed an unpolished--but timely--petition rather than wait to file his more polished petition until the week that the deadline expired.'" (internal quotation marks and alterations omitted)).

[2] The district court did not abuse its discretion by declining to hold an evidentiary hearing. See Chang v. United States, 250 F.3d 79, 82 (2d Cir. 2001) (reviewing the

3

denial of a merits hearing under 28 U.S.C. § 2255 for abuse of discretion); see also Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010) (remanding to the district court to consider a petitioner's equitable tolling claim and noting that "[t]he decision as to whether an evidentiary hearing is warranted is . . . consigned to the district court").  The record was sufficiently developed for the district court to conclude that the circumstances Rivera faced were not extraordinary and did not prevent him from filing a habeas petition on time.  Because an evidentiary hearing was not necessary to determine that Rivera was ineligible for equitable tolling, it was not an abuse of discretion for the court to forgo one.

    We have considered Rivera's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                                FOR THE COURT:
                                CATHERINE O'HAGAN WOLFE, CLERK

4