11-2943-pr(L)
Munson v. Rock

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand thirteen.

PRESENT: ROBERT D. SACK,
         DENNY CHIN,
         RAYMOND J. LOHIER, JR.,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

TIMOTHY MUNSON,
              Petitioner-Appellant,

         -v.-                               11-2943-pr(L)
                                            11-3516-pr(Con)

ROCK, SUPERINTENDENT, UPSTATE
CORRECTIONAL FACILITY, ANDREW CUOMO,
NEW YORK STATE ATTORNEY GENERAL,
              Respondents-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:    MICHAEL K. BACHRACH, Law Office of
                             Michael K. Bachrach, New York, New
                             York.

FOR RESPONDENTS-APPELLEES:   LESLIE E. SWIFT, Senior Assistant
                             District Attorney, for Sandra
                             Doorley, Monroe County District
                             Attorney, Rochester, New York.

Appeal from the United States District Court for the Western District of New York (Telesca, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court is **AFFIRMED**.

Petitioner-appellant Timothy Munson appeals the district court's judgment dated June 24, 2011, entered pursuant to its decision and order dated June 23, 2011, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as the district court's order dated July 29, 2011, denying his motion for reconsideration.  We granted a certificate of appealability on the following issue:  "Whether Appellant Munson is entitled to a writ of habeas corpus based on his claim that he received ineffective assistance of counsel when counsel advised him that he faced consecutive sentences of up to 50 years in prison."  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

On April 19, 2004, Munson was indicted in New York State Supreme Court, Monroe County, on two counts of robbery in the first degree, one count of assault in the first degree, and one count of criminal possession of a weapon in the second degree, in violation of New York Penal Law §§ 160.15(1), (2), 120.10(4), 265.03(2), and 20.00.  The underlying allegation was that Munson had robbed an individual at gunpoint and shot the individual during the commission of the robbery.

On January 18, 2005, the day jury selection was scheduled to begin, Munson pled guilty to one count of assault in the first degree.  During the plea negotiations in the days

-2-

preceding trial, the prosecution offered Munson sentences first of 12 years and then of 10 years if he pled guilty, but he rejected both offers. During these discussions, defense counsel advised Munson that he faced as much as 50 years' imprisonment if he were convicted of all charges at trial.

As jury selection was about to begin, defense counsel informed the court that Munson had changed his mind and wanted to plead guilty "in light of" two developments: First, a previously unavailable witness had been arrested pursuant to a material witness warrant and was thus available to testify. Second, Munson had been recorded in a telephone conversation with his brother from the Monroe County Jail apparently discussing making an effort to interfere with the victim of his assault. Defense counsel reiterated his earlier estimate that "if this case were to go to trial and all that [sic] those factors were to come to light, [and Munson] were to be convicted that I advised him my guess was looking at a sentence in the range of forty to fifty years."

The court subsequently conducted a thorough colloquy and accepted Munson's guilty plea to assault in the first degree. Pursuant to the plea offer, on March 15, 2005, Munson was sentenced to 14 years' imprisonment.

The New York State Appellate Division, Fourth Department, summarily affirmed Munson's conviction on June 6, 2008. People v. Munson, 858 N.Y.S.2d 645 (4th Dep't 2008). Judge Robert S. Smith of the New York Court of Appeals denied his application for leave to appeal on September 15, 2008. People v.

-3-

Munson, 11 N.Y.3d 792 (2008).  Munson subsequently filed a habeas petition pursuant to 28 U.S.C. § 2254, which the district court denied.

We review de novo the district court's denial of a § 2254 petition.  See Hemstreet v. Greiner, 491 F.3d 84, 89 (2d Cir. 2007).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a habeas petition on a "claim that was adjudicated on the merits" in state court unless that adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

When reviewing § 2254 habeas claims, a federal court must determine "what arguments or theories supported or . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  Harrington v. Richter, 131 S. Ct. 770, 786 (2011).  For the purposes of AEDPA deference, a summary disposition constitutes a disposition "on the merits." Id. at 784-85; see also Davis v. Greiner, 428 F.3d 81, 88 (2d Cir. 2005) (noting that where state courts summarily deny relief on the merits, "we must focus on the ultimate decisions of those courts, rather than on the courts' reasoning" (quoting Aeid v.

-4-

Bennett, 296 F.3d 58, 62 (2d Cir. 2002)) (internal quotation marks omitted)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

Munson contends that his counsel rendered ineffective assistance by advising him that he faced a sentence of up to 50 years in prison, when in fact the maximum possible sentence was only 25 years. It is well settled that an attorney's failure to properly inform his client about his sentencing exposure may constitute ineffective assistance. See, e.g., Jenkins v. Greene, 630 F.3d 298, 309 (2d Cir. 2010) ("[C]ounsel's failure to properly advise a client of his sentencing exposure, such as the possibility of consecutive sentences, may indicate constitutionally ineffective assistance."); United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998) ("By grossly underestimating [the defendant's] sentencing exposure . . ., [counsel] breached his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable." (citation and internal quotation marks omitted)).

We need not address whether defense counsel's advice was reasonable, however, because even assuming arguendo that

-5-

counsel's assistance fell below an objective standard of reasonableness, Munson fails to show that the Appellate Division unreasonably applied clearly established Supreme Court precedent. In the context of a guilty plea, Strickland's prejudice prong requires a defendant to demonstrate a reasonable probability that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985); accord United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005).

Although Munson asserted in state court that he would not have pled guilty had counsel advised him he was facing a maximum sentence of 25 years rather than 50 years, we nevertheless conclude that "fairminded jurists could disagree" as to whether Munson demonstrated a reasonable probability that, but for counsel's deficient advice, he would not have pled guilty. See Harrington, 131 S. Ct. at 786.

The record demonstrates that Munson's decision to plead guilty was triggered by the new developments in his case, not by his counsel's advice regarding his sentencing exposure.  Even though defense counsel had advised Munson prior to January 18, 2005 that he faced a potential sentence of 50 years, Munson still did not plead guilty at that time.  Instead, Munson chose to plead guilty only after two developments came to light on January 17, 2005.  Specifically, Munson learned that a key witness had been taken into custody pursuant to a material witness warrant.  Munson also learned that the government had discovered recorded telephone conversations in which Munson had given his brother the

victim's telephone number and address and asked him to "get [the victim] some greenbacks so he don't come to the drop-off. Tell him not to come to the party because some shit gonna happen at the party." The recordings captured Munson telling his brother that he needed to know whether the victim would testify so he could decide whether or not to "cop out," i.e., plead guilty. As defense counsel stated on the record, these developments "put[] the whole case in a totally, totally different light just as we're preparing to pick a jury."

Even if we might not have decided the issue in the way that the Appellate Division did, we cannot conclude that it would be impossible for the proverbial "fairminded jurist" to determine that no prejudice occurred. See Harrington, 131 S. Ct. at 786. Accordingly, we conclude that the Appellate Division did not unreasonably apply clearly established Supreme Court precedent in rejecting Munson's claim that his counsel provided constitutionally ineffective assistance by advising him that he faced a sentence of up to 50 years in prison.

We have considered Munson's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk