[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13905
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61003-RNS


FRANK JACKSON,

                                                    Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 8, 2016)


Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Frank Jackson, a Florida prisoner, appeals the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  On petition for post-conviction relief, the Florida trial court held that Jackson failed to establish deficient performance by counsel.  Jackson contends the district court erred in holding that the state habeas court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  After review,[1] we affirm.

In state court, Jackson was originally charged with armed robbery with a firearm, but prior to jury selection, the state amended the information to instead charge Jackson with attempted armed robbery with a firearm.  After trial, a jury convicted Jackson of the charge, and the Fourth District Court of Appeal affirmed the conviction.

In his state court motion for post-conviction relief, Jackson contended his trial counsel rendered ineffective assistance[2] by affirmatively misadvising Jackson's sentence exposure such that Jackson decided not to accept a plea deal offered by the state.  Jackson claimed that (1) trial counsel told him that his

---

[1] "We review *de novo* the district court's denial of a § 2254 petition.  *Hall v. Thomas*, 611 F.3d 1259, 1284 (11th Cir. 2010).  On *de novo* review, we, like the district court, consider "whether the state court acted contrary to clearly established federal law, unreasonably applied federal law, or made an unreasonable determination of fact."  *Id.* (quotation omitted).  Indeed, review under § 2254(d)(1) "goes no further" than asking whether "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedent[]."  *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 786 (2011).

[2] To prevail on a claim of ineffective assistance of counsel, Jackson must have demonstrated that his counsel's performance was deficient and that he suffered prejudice as a result of counsel's deficient performance.  *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

2

maximum sentence under the amended information was 15 years; (2) the state had offered a 5-year sentence if Jackson would plead guilty and testify against his co-defendant; and (3) Jackson would have accepted the plea deal if he had known that his maximum sentence was 30 years. The state trial court summarily denied Jackson's motion. On appeal, the Fourth District Court of Appeal reversed the trial court's order and remanded for the trial court to attach portions of the record refuting Jackson's claim or to conduct an evidentiary hearing regarding the claim.

After an evidentiary hearing, the state trial court found that the state never offered a plea deal and that Jackson's counsel had properly advised Jackson regarding his sentence exposure under the original information. The trial court found, however, that Jackson's counsel never informed Jackson of his sentence exposure under the amended information, which was amended by *ore tenus* motion immediately before trial. The trial court concluded that Jackson "ha[d] not proved that his counsel was ineffective on the ground alleged" and therefore failed to satisfy the deficient performance prong of *Strickland*.[3] The court also noted that "[d]efense counsel appeared to be arguing that [Jackson] was entitled to relief on grounds beyond the specific claim raised in his motion" and held that it could not

---

[3] Because the petitioner must establish both prongs of the *Strickland* test, a court may conclude that the petitioner cannot satisfy one prong and decline to address the other prong. *See Dell v. United States*, 710 F.3d 1267, 1274 (11th Cir. 2013).

"provide relief on any ground not raised in the motion."  The Fourth District Court of Appeal affirmed without comment.

On Jackson's § 2254 petition in the Southern District of Florida, the magistrate judge issued a report and recommendation in which he found the state trial court's findings to be supported by the evidence and agreed that Jackson failed to establish deficient performance.  The district court agreed with the R&R and entered an order denying Jackson's motion.  On appeal, Jackson argues that the state trial court's findings of fact lead to the unavoidable conclusion that Jackson's counsel did *misadvise* Jackson regarding his sentence exposure.  Jackson's counsel advised Jackson that he would be sentenced to life in prison on the original information but never amended that advice when the state amended the information.

Jackson's argument fails for two reasons.  First, that is not what Jackson argued in state post-conviction proceedings.  Jackson did not argue that he believed himself to still be facing life imprisonment due to counsel's failure to update Jackson on the implications of the state's amendment.  Rather, Jackson argued and testified that his counsel affirmatively told him that his maximum exposure under the amended information was 15 years.  There is no testimony that Jackson believed his counsel's original sentence-exposure advice remained accurate after the state amended the information.  In fact, Jackson repeatedly claimed to believe

4

that the amendment reduced his exposure to 15 years.  Jackson's argument on this appeal deviates from the grounds raised in his post-conviction motion and from the testimony elicited in state court.

Second, even if the state court had been presented with this argument, Jackson fails to show that the state court unreasonably applied *Strickland* in declining to find deficient performance under these facts.  Although Jackson cites authority stating that defense counsel must properly advise a defendant regarding sentence exposure in order to facilitate an informed decision regarding how to plead, no case addresses facts comparable to those before us.  *See Jenkins v. Greene*, 630 F.3d 298, 309 (2d Cir. 2010) (Parker, J., dissenting) (opining that the majority should have considered the merits of a New York prisoner's § 2254 petition alleging that defense counsel was ineffective for advising the prisoner that he would receive between 10 and 12 years when his actual sentence was 50 years); *United States v. Booth*, 432 F.3d 542, 548–50 (3d Cir. 2005) (ordering an evidentiary hearing on a federal prisoner's § 2255 petition to determine whether defense counsel failed to inform the defendant that he could enter an open plea and receive a three-level reduction under the Sentencing Guidelines for acceptance of responsibility); *United States v. Herrera*, 412 F.3d 577, 580–82 (5th Cir. 2005) (declining to decide whether defense counsel's alleged 27-month miscalculation of

a defendant's maximum sentence exposure constituted ineffective assistance and instead ordering an evidentiary hearing on a federal prisoner's § 2255 petition).

It is not an unreasonable application of *Strickland* to hold that a defense attorney is not constitutionally deficient when he fails to update the defendant on the possible sentencing effect of a last-minute, pre-trial amendment to the information. *See Ponticelli v. Sec'y*, *Fla. Dep't of Corr.*, 690 F.3d 1271, 1291 (11th Cir. 2012) ("[W]e may issue a writ of habeas corpus only when the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." (quotations omitted)); *Williams v. Taylor*, 529 U.S. 362, 410, 120 S. Ct. 1495, 1522 (2000) (O'Connor, J., writing for the majority) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." (emphasis in original)).

**AFFIRMED.**